# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 18-04017-03/09-CR-C-BCW |
| Plaintiff, | **COUNT 1** |
| | 21 U.S.C. § 846 |
| v. | NLT 10 Years and NMT Life Imprisonment |
| | NMT $10,000,000 Fine |
| **(03) BLAKE JEFFREY JOHNSON**, | NLT 5 Years Supervised Release |
| [DOB: 04/17/1995] | Class A Felony |
| | |
| **(04) DYLAN JAMES BLAKE,** | **COUNT 2** |
| [DOB: 12/29/1989] | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| | NMT 20 Years Imprisonment |
| **(05) CHRISTOPHER MICHAEL** | NMT $1,000,000 Fine |
| **BRADSHAW**, | NLT 3 Years Supervised Release |
| [DOB: 11/22/1992] | Class C Felony |
| | |
| **(06) TAMRA GENE JOHNSON**, | **COUNT 3** |
| [DOB: 03/23/1969] | 21 U.S.C. § 841(a)(1) and (b)(1)(D) |
| | NMT 5 Years Imprisonment |
| **(07) CRAIG DEWITT SMITH, JR.,** | NMT $250,000 Fine |
| a/k/a "Carson" a/k/a "C" | NLT 2 Years Supervised Release |
| [DOB: 10/01/1981] | Class C Felony |
| | |
| **(08) MICHAEL JOHN RICKETTS**, | **COUNT 4** |
| [DOB: 07/02/1961] | 21 U.S.C. § 841(a)(1) and (b)(1)(B) |
| | NLT 5 Years Imprisonment |
| and | NMT 40 Years Imprisonment |
| | NMT $5,000,000 Fine |
| **(09) EAPEN GEORGE THAMPY,** | NLT 4 Years Supervised Release |
| [DOB: 04/03/1984] | Class B Felony |
| | |
| Defendants. | **COUNTS 5 through 11** |
| | 21 U.S.C. § 843(b) |
| | NMT 4 Years Imprisonment |
| **Defendants/Counts** | NMT $250,000 Fine |
| **(03) B. Johnson: 1, 2, 12-13, FA1, and FA2.** | NMT 2 Years Supervised Release |
| **(04) D. Blake: 1, 5, and FA1.** | Class E Felony |
| **(05) C. Bradshaw: 1-2, and FA.** | |
| **(06) T. Johnson: 1, 13, FA1 and FA2.** | |
| **(07) C. Smith: 1-4, 8-10, FA1, and FA2.** | |
| **(08) M. Ricketts: 1, 4, 6-7, 11, and FA1.** | |
| **(09) E. Thampy: 1, 3, and FA1.** | |

**COUNT 12**
18 U.S.C. § 924(c)(1)(A)(i)
NLT 5 Years Imprisonment
NMT Life Imprisonment
     (Consecutive to All Other Counts)
NMT $250,000 Fine
NMT 5 Years Supervised Release
Class A Felony

**COUNT 13**
18 U.S.C. § 1956(h)
NMT 20 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**FORFEITURE ALLEGATION 1**
21 U.S.C. § 853
Criminal Forfeiture

**FORFEITURE ALLEGATION 2**
18 U.S.C. § 982(a)(1)
Criminal Forfeiture

$100 Special Assessment (Each Count)

# S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

**THE GRAND JURY CHARGES THAT**:

## COUNT 1
(Conspiracy to Distribute 1000 Kilograms or More of a Mixture or Substance
Containing a Detectable Amount of Marijuana)
<u>21 U.S.C. § 846</u>

From an unknown date, but at least as early as January 1, 2015, through September 1, 2018,

within Boone County, in the Western District of Missouri, and elsewhere, the defendants, **(03)**

**BLAKE JEFFREY JOHNSON**, **(04) DYLAN JAMES BLAKE**, **(05) CHRISTOPHER**

**MICHAEL BRADSHAW**, **(06) TAMRA GENE JOHNSON, (07) CRAIG DEWITT SMITH,**

**JR.,** a/k/a "Carson," a/k/a "C," **(08) MICHAEL JOHN RICKETTS,** and **(09) EAPEN**

**GEORGE THAMPY,** knowingly and intentionally combined, conspired and agreed with each

2

other and others, known and unknown to the Grand Jury, to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

### COUNT 2
(Possession with Intent to Distribute 50 Kilograms or More of Marijuana)
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about December 11, 2017, within Boone County, in the Western District of Missouri, the defendants, **(03) BLAKE JEFFERY JOHNSON, (05) CHRISTOPHER MICHAEL BRADSHAW**, and **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT 3
(Possession with Intent to Distribute Less Than 50 Kilograms of Marijuana)
21 U.S.C. § 841(a)(1) and (b)(1)(D)

Between February 8, 2018, and February 19, 2018, said dates being approximate, within Boone County, in the Western District of Missouri, the defendants, **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," and **(09) EAPEN GEORGE THAMPY**, aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.

3

**COUNT 4**
(Possession with Intent to Distribute 100 Kilograms or More of Marijuana)
21 U.S.C. § 841(a)(1) and (b)(1)(B)

Between August 15, 2018, and August 28, 2018, said dates being approximate, within Jackson County, in the Western District of Missouri, and elsewhere, the defendants, **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," and **(08) MICHAEL JOHN RICKETTS,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

**COUNTS 5 through 11**
(Use of a Communications Facility to Facilitate
a Drug Trafficking Conspiracy)
21 U.S.C. § 843(b)

On or about the dates and times set forth below in each individual count, within Jackson, Saline, Greene, Cooper and Boone Counties, in the Western District of Missouri, and elsewhere, the defendant(s) set forth below in each individual count, knowingly and intentionally used a communications facility, that is, a cellular telephone, to facilitate the commission of the conspiracy to distribute a controlled substance as charged in Count 1 of this Superseding Indictment as set forth below in each individual count, contrary to the provisions of Title 21, United States Code, Sections 846 and 841(a)(1):

| COUNT | DATE(S) | DEFENDANT(S) |
|---|---|---|
| 5 | 3/20/2018 to 3/22/2018 | **(04) DYLAN JAMES BLAKE** |
| 6 | 8/22/2018 | **(08) MICHAEL JOHN RICKETTS** |
| 7 | 8/23/2018 | **(08) MICHAEL JOHN RICKETTS** |
| 8 | 8/24/2018 | **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," |

4

| COUNT | DATE(S) | DEFENDANT(S) |
|:---:|:---:|:---:|
| **9** | 8/28/2018 | **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," |
| **10** | 8/29/2018 | **(07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," |
| **11** | 8/29/2018 | **(08) MICHAEL JOHN RICKETTS** |

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 12
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)
### 18 U.S.C. § 924(c)(1)(A)(i)

Between December 1, 2016, and December 18, 2017, said dates being approximate, within Boone County, in the Western District of Missouri, the defendant, **(03) BLAKE JEFFREY JOHNSON**, knowingly possessed a firearm, those are, (1) a black Glock 27 Gen 4 .40 caliber pistol, serial number BBGG650; (2) a black Ruger LCR 38 SPL +P revolver pistol, serial number 543-37413; (3) a brown Glock 19 Gen 4 9mm pistol, serial number ACBF215; (4) black Glock 19C Gen 4 9mm pistol, serial number ABUU629; and, (5) black DP-123 12 gauge shotgun, serial number DP1S254, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute marijuana as charged in Count 1 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 13
### (Conspiracy to Commit Money Laundering)
### 18 U.S.C. § 1956(h)

Between January 1, 2016, and December 28, 2017, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants, **(03) BLAKE JEFFREY JOHNSON** and **(06) TAMRA GENE JOHNSON**, knowingly and intentionally combined, conspired and agreed with each other and others, known and unknown to the Grand

5

Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute marijuana as charged in Count 1 of this Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>**Manner and Means**</u>

The members of the conspiracy used various manners and means to effect the objects and purposes of the conspiracy, including but not limited to the following:

a.      It was part of the conspiracy that, **BLAKE JEFFREY JOHNSON** and **TAMRA GENE JOHNSON** deposited proceeds of marijuana distribution into bank accounts each controlled at Commerce Bank.

b.      It was further part of the conspiracy that, **TAMRA GENE JOHNSON** deposited proceeds of marijuana distribution into a bank account she controlled at Missouri Credit Union.

c.      It was further part of the conspiracy that, the proceeds of marijuana distribution were used to make cash payments on **TAMRA GENE JOHNSON**'s Commerce Bank credit cards.

d.      It was further part of the conspiracy that, on or about September 26, 2016, **TAMRA GENE JOHNSON** used the proceeds of marijuana distribution to donate $1,000 to Better Way Missouri, a political action committee that supported marijuana legalization.

6

e.      It was further part of the conspiracy that, on or about November 14, 2016, $5,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Commerce Bank account and subsequently used to pay for a firearm purchase made by **BLAKE JEFFREY JOHNSON** at a Columbia, Missouri, Federal Firearms Licencee.

f.      It was further part of the conspiracy that, on or about November 21, 2016, $4,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Commerce Bank account and subsequently used to pay for a firearm purchase made by **BLAKE JEFFREY JOHNSON** at a Columbia, Missouri, Federal Firearms Licencee.

g.      It was further part of the conspiracy that, on or about December 22, 2016, $2,754 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Commerce Bank account and subsequently used to pay for a firearms purchase made by **BLAKE JEFFREY JOHNSON** at a Columbia, Missouri, Federal Firearms Licencee.

h.      It was further part of the conspiracy that, on or about January 4, 2017, $5,040 in United States currency that represented the proceeds of marijuana distribution was paid to reduce the balance on **TAMRA GENE JOHNSON**'s Commerce Bank credit card, which included the purchase of a flamethrower by **BLAKE JEFFREY JOHNSON** at a Columbia, Missouri, Federal Firearms Licencee.

i.      It was further part of the conspiracy that, on or about August 15, 2017, $2,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Missouri Credit Union account and subsequently transferred to

make a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

j.      It was further part of the conspiracy that, on or about September 1, 2017, $2,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Missouri Credit Union account and to cover a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

k.      It was further part of the conspiracy that, on or about September 26, 2017, **BLAKE JEFFREY JOHNSON** and **TAMRA GENE JOHNSON** engaged in the following text conversation:

| | |
|---|---|
| Blake Johnson: | "Know anybody that would trade cash for a check? Doctors or anything?" |
| Tamra Johnson: | "For how much?" |
| Blake Johnson: | "Idk start at 10%" |
| Tamra Johnson:<br>Blake Johnson: | "No.  How much cash?"<br>"10k" |
| Blake Johnson: | "or 7.5" |
| Tamra Johnson: | "Let's have dinner tonight and talk" |

l.      It was further part of the conspiracy that, on or about September 27, 2017, $3,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Missouri Credit Union account and subsequently transferred to make a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

m.      It was further part of the conspiracy that, on or about October 11, 2017, $1,500 in United States currency that represented the proceeds of marijuana distribution was deposited into

Case 2:18-cr-04017-BCW   Document 128   Filed 05/30/19   Page 8 of 14

**TAMRA GENE JOHNSON**'s Missouri Credit Union account and subsequently transferred to make a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

n.      It was further part of the conspiracy that, on or about October 28, 2017, $1,500 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Missouri Credit Union account and subsequently transferred to make a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

o.      It was further part of the conspiracy that, on or about November 26, 2017, $2,000 in United States currency that represented the proceeds of marijuana distribution was deposited into **TAMRA GENE JOHNSON**'s Missouri Credit Union account and subsequently transferred to make a payment on **BLAKE JEFFREY JOHNSON**'s mortgage on 1809 Madison Park Drive, Columbia, Missouri.

p.      It was further part of the conspiracy that, on or about December 7, 2017, $2,000 in United States currency that represented the proceeds of marijuana distribution was paid to reduce the balance on **TAMRA GENE JOHNSON**'s Commerce Bank credit card, which included the travel expenses for **BLAKE JEFFREY JOHNSON**.

All in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE ALLEGATION 1**
(In violation of 21 U.S.C. § 846 – Conspiracy to Distribute Marijuana)

The allegations contained in Count 1 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

The defendants, **(03) BLAKE JEFFREY JOHNSON**, **(04) DYLAN JAMES BLAKE**,

9

**(05) CHRISTOPHER MICHAEL BRADSHAW, (06) TAMRA GENE JOHNSON, (07) CRAIG DEWITT SMITH, JR.,** a/k/a "Carson," a/k/a "C," **(08) MICHAEL JOHN RICKETTS,** and **(09) EAPEN GEORGE THAMPY,** shall forfeit to the United States all property, real and personal, constituting and derived from any proceeds said defendant obtained directly and indirectly as a result of the violation incorporated by reference in this Forfeiture Allegation, and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violation incorporated by reference in this Forfeiture Allegation, including but not limited to, the following:

### Money Judgment

A sum of money equal to the amount of United States currency obtained by each defendant involved in the conspiracy to commit a violation of Title 21, United States Code, Section 846, for which a defendant is convicted.

### Personal Property

1.     Approximately $55,690.00 of United States Currency seized from 1904 Lasso Court, Columbia, Missouri, on December 11, 2017.

2.     Approximately $30,000.00 of United States Currency seized from the person of **BLAKE JEFFREY JOHNSON**, on December 22, 2017.

### Real Property

1.     The real property known and numbered as 1809 Madison Park Drive, Columbia, Missouri, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> Lot One Hundred One A (101A) of Madison Park Plat Five (5), a subdivision located in the City of Columbia, Boone County, Missouri, as shown by the Administrative Plat thereof recorded in Book 3371, Page 153, Records of Boone County, Missouri.  A.P.N.: 16-516-00-10-001.00

10

2.    The real property known and numbered as 8380 Agate Rd., White City, Oregon, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> Parcel No. One (1), Two (2) and Three (3), of Partition Plat No. P-19-2017 of the Records of Jackson County, Oregon, filed July 24, 2017, Index Volume 28, Page 19, County Survey No. 22303.

3.    The real property known and numbered as 5650 Kane Creek Road, Central Point, Oregon, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> Commencing at the point of intersection of the Southerly line of the Old Stage Road (county road) with the North and South center line of section 35 in Twp. 36 South range 3 West of the WM n JCO, which point is 4090.8 feet North from the Quarter section corner on the South line of said section 25, thence along said road line South 56° 08' East 1101.09 feet to the true point of beginning; thence South 616.62 feet; thence North 56° 08' West 1191.09 feet to the North and South center line of said section; thence South, along said line 550.0 feet; thence South 61° 45' 50" East 1168.03 feet to the East line of tract described in Vol. 441 page 395 of the deed records of JCO; thence North, along said line, a distance of 1028.62 feet to the Southerly line of the Old Stage Road (county road); thence North 56° 08' West, along said road line, a distance of 48.21 feet to the true point of beginning.
>
> Map ID 36-3W-35 Tax ID 900

4.    The real property known and numbered as 894 Front Street, Central Point, Oregon, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> Lot 9, in Block 4 of HOMESTEAD ACRES EXTENSION NO. 1, in the City of Central Point, Jackson County, Oregon, according to the official plat thereof, recorded in Volume 8, Page 47 of Plat records. Together with that portion of the vacated Street which would inure by vacation recorded November 25, 2002 as Document No. 02-62638.

5.    The real property known and numbered as 753 Airport Rd., Cave Junction, Oregon, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> Beginning at the Southwest corner of the North Half of Southeast Quarter of the Southeast Quarter of Section 12, Township 40 South, Range 9 West, of the

Willamette Meridian, Josephine County, Oregon; thence South 18°25'51" East 60 feet, more or less, to the Northwesterly right of way line of Airport Drive; thence Southwesterly, along said right of way line, 60 feet, more or less, to the most Easterly corner of Parcel II described in Volume 326, Page 1674, Josephine County Deed Records; thence North 18°25'51" West 220.45 feet to an iron rod; thence South 89°38'22" West 1227.85 feet to an iron rod on the West line of the Southwest Quarter of the Southeast Quarter of said Section; then North along said line 527 feet, more or less, to the Northwest corner of said Southwest Quarter of the Southeast Quarter; then West along the North line of the South Half of the Southwest Quarter of said Section, 2640 feet, more or less, to the West line of said Section 12; thence North along said line, 2640 feet, more or less, to the Northwest corner of the South Half of the Northwest Quarter of said Section; thence East along the North line thereof, 2640 feet to the Northeast corner thereof; thence South 1420 feet, more or less, to the center of said Section 12; thence East along the East-West centerline of said Section, 1320 feet, more or less, to the North-South centerline of the East Half of said Section 12; thence South 0°06'20" West along said centerline, 1285 feet, more or less, to a point 799 feet North of the point of beginning; thence South 89°54'57" West 230.0 feet, more or less, to a point that is North 18°25'51" West of the point of beginning; thence South 485 feet, more or less, to a point that is 60 feet North of the North line of Parcel II described in said Volume 326, Page 1673, Josephine County Deed Records; thence East, parallel to said North line, 180 feet, more or less, to a point North 18°25'51" West of the point of beginning; thence South 18°25'51" East 260 feet, more or less, to the point of beginning.

6.    The real property known and numbered as 6160 Lower Graves Creek Road, Wolf Creek, Oregon, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

> The North Half of the Northeast Quarter of Section 35, Township 33 South, Range 7 West of the Willamette Meridian, and the Southeast Quarter of Section 26, Township 33 South, Range 7 West of the Willamette Meridian, Josephine County, Oregon.

### **Substitute Assets**

In the event that the property which is subject to forfeiture to the United States, as a result of an act or omission of the defendants:

  a.    cannot be located upon exercise of due diligence;

  b.    has been placed beyond the jurisdiction of the Court;

  c.    has been transferred or sold to, or deposited with a third party;

12

d.      has been substantially diminished in value; or

e.      has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

**FORFEITURE ALLEGATION 2**
**(In violation of 18 U.S.C. § 1956(h) – Money Laundering Conspiracy)**

The allegations contained in Count 7 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

The defendants, **(03) BLAKE JEFFREY JOHNSON** and **(06) TAMRA GENE JOHNSON**, shall forfeit to the United States all property, real and personal, involved in a money laundering offense, or any property traceable to such property, including but not limited to, the following:

**Personal Property**

Approximately $30,000.00 of United States Currency seized from the person of **BLAKE JEFFREY JOHNSON**, on December 22, 2017.

**Real Property**

The real property known and numbered as 1809 Madison Park Drive, Columbia, Missouri, with all its appurtenances, improvements, and attachments thereon, and is more fully described as:

Lot One Hundred One A (101A) of Madison Park Plat Five (5), a subdivision located in the City of Columbia, Boone County, Missouri, as shown by the Administrative Plat thereof recorded in Book 3371, Page 153, Records of Boone County, Missouri.  A.P.N.: 16-516-00-10-001.00

13

**Substitute Assets**

In the event that the property which is subject to forfeiture to the United States, as a result of an act or omission of the defendants:

    a.   cannot be located upon exercise of due diligence;

    b.   has been placed beyond the jurisdiction of the Court;

    c.   has been transferred or sold to, or deposited with a third party;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

**A TRUE BILL.**

*/S/ Samie Hill*
**FOREPERSON OF THE GRAND JURY**

*/S/ Michael S. Oliver*
**MICHAEL S. OLIVER**
Assistant United States Attorney
Missouri Bar No. 41832

Dated:  05/30/2019

14